Dorene FLORES, Plaintiff—Appellee,

v.

CNG FINANCIAL CORPORATION; Timothy B. Morrow; Check N'Go of California, Defendants—Appellants,

and

A. David Davis; Scott Gowan; Check N'Go of Wisconsin, Defendants.

No. 01–16256.

D.C. No. CV–99–00043–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002.

Decided Sept. 4, 2002.

Before FISHER and PAEZ, Circuit Judges, and MOLLWAY, District Judge.*

MEMORANDUM **

Appellants appeal from the judgment entered following a jury verdict in favor of Flores in her quid pro quo sexual harassment action. We affirm.

Viewing the evidence in the light most favorable to Flores and resolving credibility issues in her favor, there was substantial evidence to support the jury's Title VII and FEHA liability determinations notwithstanding that the requests for sexual favors were implicit in nature and that some of defendant Morrow's conduct, viewed in the abstract, could be interpreted as innocent. The ambiguous requests to "read between the lines" must be construed in context. For instance, the re-

---

* The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

quests were repeated. In addition, the first request was made at the home of a supervisor, not a place of business. Body language (including the spreading of legs) and physical facts (public hairs on paperwork provided by Morrow to Flores), moreover, support the jury's inference that Morrow's words had sexual, rather than innocent, meaning. In addition, this course of conduct occurred in the context of statements through which Morrow emphasized that he had control over Flores' career. We therefore reject defendants' claim that the evidence was so insubstantial as to render the jury's verdict unsustainable.

■ We also reject appellants' claim that Flores failed to offer substantial evidence that their stated nondiscriminatory reasons for offering her a demotion were pretextual. The jury was instructed only that it needed to find for Flores if sex was a *motivating factor* in the demotion decision. We therefore reject appellants' argument.

■ Appellants next contend that Flores failed to produce substantial evidence in support of the award of punitive damages under California law.[1] We disagree. Flores produced evidence, believed by the jury, that Morrow offered her a demotion because she refused to accede to his requests for sexual favors. Intentionally discriminatory conduct of this kind supports a finding of oppression or malice sufficient to award punitive damages under California law. *See* Cal. Civ.Code § 3294. Accordingly, we reject appellants' argument.

■ Finally, appellants contend that the district court committed reversible error when it instructed the jury that it could award punitive damages on the basis of fraud even though the court had granted summary judgment on Flores' various fraud claims. We have reviewed the summary judgment order. Although the order did grant summary judgment on Flores' fraud claims and although those claims, as stated in the complaint, encompassed one of the theories of fraud that Flores argued to the jury in support of punitive damages (the January 1998 promise by Davis to transfer Flores if she accepted the offered demotion), we conclude that the summary judgment did not foreclose the district court's decision to instruct the jury that it could award punitive damages on the basis of fraud. The order does not address any issue related to the January 1998 promise. It is not clear that the district court even considered the viability of a claim of fraud based on the January 1998 promise. Moreover, even if the court did consider claims based on the January 1998 promise, the order does not specify upon what basis summary judgment was granted on those claims. We cannot know, for example, that the court did not award judgment based on Flores's failure to show reliance or damages (elements not required to establish an entitlement to punitive damages based on fraud) rather than her failure to establish intent (an element necessary for both a stand-alone fraud claim and to establish fraud for the purposes of punitive damages). Under these circumstances, therefore, the court's granting of summary judgment did not preclude the fraud instruction.

■ We also reject appellants' contention that the instruction was improper because the January 1998 fraud allegation was unrelated to the discriminatory harassment. The January 1998 promise

---

1. We evaluate whether there was substantial evidence supporting the jury's conclusion that there was clear and convincing evidence supporting an award of punitive damages. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

was a part of the events constituting the discriminatory employment practice at issue in this case. *See Medo v. Superior Court*, 205 Cal.App.3d 64, 251 Cal.Rptr. 924, 926 (Ct.App.1988). Thus, the district court did not err by instructing the jury in such a manner that it could award punitive damages based on the January 1998 fraud.

AFFIRMED.

MOLLWAY, District Judge, concurring in part and dissenting in part.

MOLLWAY, District Judge.

I concur in part in the majority's decision. I dissent from the portion of the decision concluding that there was no reversible error in the punitive damage jury instruction. I would reverse and remand the issue of punitive damages for trial.

An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless. *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir.2001), *cert. denied,* — U.S. —, 122 S.Ct. 1609, 152 L.Ed.2d 623 (2002). The jury instruction permitted a punitive damage award based on a fraud theory disposed of on summary judgment. This was contrary to California law. *See Gawara v. United States Brass Corp.*, 63 Cal.App.4th 1341, 74 Cal.Rptr.2d 663 (Ct. App.1998) (holding that, when a stand-alone fraud claim is thrown out, a punitive damage claim cannot proceed based on the same fraud). While the punitive damage award could conceivably have been based on grounds unrelated to any fraud in the January 1998 promise that was thrown out on summary judgment, that fraud was the primary focus of Flores' argument for punitive damages. It is not probable that the punitive damage award was based entirely on other grounds. The error in the jury instruction could therefore not be said to have probably been harmless, and the punitive damage award should be reversed.

I recognize that, in granting summary judgment, the district court did not mention the January 1998 promise. However, the district court unambiguously threw out all of the stand-alone fraud claims. The order's effect was clear: Flores could not proceed with any stand-alone fraud claim, including the fraud claim based on the January 1998 promise. The failure of the district court to state all the bases on which it was awarding summary judgment is not a reason to surprise Appellants by limiting the ruling they thought they had won. The majority justifies that limitation by saying that, even if the district court intended to include the January 1998 promise in its grant of summary judgment, the summary judgment might have been premised on Flores' failure to show reliance or damages, matters unnecessary to an award of punitive damages based on fraud. Not only is this justification at odds with *Gawara, see id.* at 676, it is not supported by the record. The only basis stated for the summary judgment ruling was the failure by Flores to establish intent, an element common to both a stand-alone fraud claim and a punitive damage fraud claim. Although the references to intent concerned matters other than the January 1998 promise, it makes no sense to speculate that the district court based its ruling on reliance or damages, subjects not mentioned at all by the district court.

Flores told the district court that she would seek punitive damages based on the fraud in the January 1998 promise. The district court erred in failing to eliminate or limit the fraud reference in the punitive damage instruction to preclude an award based on such fraud.